**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO HELENA and DANIEL TZIU, | No. C04-0260 CW |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND GRANTING DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION |
| v. | |
| CITY OF SAN FRANCISCO, COUNTY OF SAN FRANCISCO, JOSEPH SALAZAR and DOES 1-25, | |
| Defendants. | |
| _____/ | |

Plaintiffs Alfonso Helena and Daniel Tziu move for leave to file a First Amended Complaint (FAC).  Plaintiffs seek to add Fourth Amendment claims for illegal search and seizure and use of excessive force and to substitute Sergeant Kyle Ching for one of the Doe Defendants.  Defendants City and County of San Francisco and Officer Joseph Salazar (collectively, Defendants) oppose the motion.

The matter was heard on June 17, 2005.  Having considered all of the papers filed by the parties and oral argument on the motion, the Court grants Plaintiff's motion in part and denies it in part, as described below.

United States District Court
For the Northern District of California

1    Defendants move for summary adjudication of Plaintiffs' sixth

2  claim against the City and County of San Francisco pursuant to

3  Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658 (1987).

4  Plaintiffs do not oppose the motion, and the parties stipulated to

5  vacate the hearing.  The Court accordingly grants Defendants'

6  motion for summary adjudication of the Monell claim.

7                              BACKGROUND

8    This case involves a March 7, 2003, incident in which

9  Plaintiffs were arrested or detained by San Francisco police

10  officers.

11    Plaintiffs now seek leave to amend their complaint in order to

12  add allegations, based on information acquired during depositions

13  of San Francisco police officers, which identify Sgt. Ching as a

14  defendant, state that Sgt. Ching observed Officer Salazar search

15  Mr. Helena's car and substitute Sgt. Ching for the Doe officer who

16  handcuffed Mr. Tziu.  Based in part on these allegations,

17  Plaintiffs seek to add additional federal claims under 42 U.S.C.

18  § 1983 (1) by Mr. Helena against Sgt. Ching for excessive force;

19  (2) by Mr. Tziu against Sgt. Ching for excessive force; (3) by Mr.

20  Helena against Sgt. Ching for unreasonable search and seizure; and

21  (4) by Mr. Tziu against Sgt. Ching for unreasonable search and

22  seizure.[1]

23    Plaintiffs also seek to add certain allegations that their

24

25    [1]The revised proposed FAC also includes a proposed State law
26  claim for intentional infliction of emotional distress by Mr. Tziu
   against Officer Salazar.  In their June 25, 2005 Supplemental Reply
27  to Opposition to Motion to Amend, Plaintiffs state their intention
   to withdraw Mr. Tziu's proposed IIED claim.

28                                 2

counsel, Kenneth Frucht, "inadvertently left out of the original complaint," including that Sgt. Ching placed Mr. Tziu in a chokehold and that Officer Salazar twisted Mr. Tziu's hand.  Frucht Decl. ¶ 3.  The latter new allegation appears to be the only basis for a fifth proposed additional federal claim under 42 U.S.C. § 1983 by Mr. Tziu against Officer Salazar for excessive force.

In their initial disclosures, Defendants listed each of the officers who were present during the incident alleged in the complaint.  Aubrey Decl., Ex. A.  Plaintiffs expected to "determine the identity of the officer who arrested Tziu through discovery, and to name that officer once his identity is ascertained." Plaintiffs' August 6, 2004, Case Management Statement.

At the initial case management conference on August 8, 2004, the Court ordered Defendants to disclose the identity of the arresting officer within one week; one week thereafter, Plaintiffs were to move to file an amended complaint.  John Aubrey, counsel for Defendants, phoned Mr. Frucht on August 10, 2004, and left a message informing him that Defendants had "not yet discovered the identity of the officer that allegedly handcuffed Tziu," and asking that Mr. Frucht return the call.  Aubrey Decl. ¶ 6.  After receiving no response to the phone message, Mr. Aubrey confirmed in an August 20, 2004, letter that the Doe officer remained unidentified, explained that only four out of seven officers had been available for him to interview and promised, "If and when I discover the officer's identity, I will notify you immediately.  I also will stipulate, if necessary, to the filing of an amended complaint at that time."  Id., Ex. C, August 20, 2004 Letter from

United States District Court
For the Northern District of California

1  John P. Aubrey to Kenneth Frucht.

2        Plaintiffs inquired into the status of the investigation on

3  October 3, 2004.  Frucht Decl., Ex. A, October 3, 2004 Letter from

4  Kenneth Frucht to John P. Aubrey.  On October 6, 2004, Mr. Aubrey

5  responded, stating that all but one officer had been interviewed

6  "and none of them recalls who transported Mr. Tzui to the police

7  station," and asking how Plaintiffs wished to proceed.  Id., Ex. D,

8  October 6, 2004 Letter from John P. Aubrey to Kenneth Frucht.

9        On October 19, 2004, the Court approved a stipulation by the

10 parties, at the request of Plaintiffs, to continue the trial and

11 other deadlines.  The parties agreed to extend the deadline for the

12 final date for hearing dispositive motions to July 1, 2005.  The

13 stipulation did not address the Court's deadline for amendments

14 adding parties or claims to the complaint.

15       Plaintiffs explain that, rather than amend the complaint to

16 name all of the officers who were present, they decided to wait

17 until the officers' depositions were taken to see if they could

18 identify the officer that handcuffed Tziu.  Frucht Decl. P 7.

19 However, Plaintiffs did not ask the Court to revise its deadline

20 accordingly.

21       On April 12, 2005, Plaintiffs deposed some of the officers

22 present at the incident.  Mr. Helena apparently attended the

23 deposition and was able to identify Sgt. Ching as "the one who

24 grabbed Tziu."  Pls.' Mot. to Amend at 4.  Sgt. Ching testified in

25 his deposition that Officer Greiner had told him that he, Sgt.

26 Ching, had made the decision to transport Mr. Tziu to the police

27 station, although Sgt. Ching did not actually recall making this

28                                    4

decision.  Frucht Decl., Ex. B, Ching Dep. 46:10-48-20.  Sgt. Ching

also testified that he saw "Officer Salazar going through

[Helena's] car and lock it up and secure it."  Id. 44:20-22.

On April 25, 2005, Defendants deposed Mr. Tziu.  When asked if

he "knew before seeing him that Officer Salazar was the one who had

twisted his arm," Mr. Tziu stated, "Yes."  Ex. A, Tziu Dep. 79:4-6.

Further, Mr. Tziu testified, "I knew his name because he introduced

himself to my mom."  Id. 79:8-9.

Pursuant to the stipulation of the parties, the deadline for

hearing dispositive motions was July 1, 2005.  Erroneously

believing that July 1 was the deadline for filing dispositive

motions, Defendants did not notice any dispositive motion for

hearing by July 1, but instead noticed a summary judgment motion on

the original complaint's Monell claim for hearing on August 12,

2005.

LEGAL STANDARD

A party seeking to amend a pleading after the date specified

in a scheduling order must first show "good cause" for the

amendment under Rule 16(b) and, second, if good cause is shown, the

party must demonstrate that the amendment is proper under Rule 15.

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir.

1992).

In order to determine good cause, courts generally consider

the diligence of the party seeking the modification.  Johnson, 975

F.2d at 609; see also Coleman v. Quaker Oats Co., 232 F.3d 1271,

1294 (9th Cir. 2000).  "Not only must parties participate from the

outset in creating a workable Rule 16 scheduling order but they

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

1   must also diligently attempt to adhere to that schedule throughout

2   the subsequent course of the litigation." Jackson v. Laureate,

3   Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999).  A party seeking to

4   amend a scheduling order must show that it had assisted the Court

5   to create a workable schedule at the outset of litigation, that the

6   scheduling order creates deadlines that have become impracticable

7   notwithstanding its diligent efforts to comply with the schedule,

8   and that it was diligent in seeking the amendment once it became

9   apparent that extensions were necessary.  See id. at 608.

10                              DISCUSSION

11       The Court's deadline for amending the complaint to add parties

12   or claims was August 18, 2004.  Therefore Plaintiffs' motion is

13   governed by Federal Rule of Civil Procedure 16(b), which requires a

14   showing of good cause.

15       Plaintiffs have not shown good cause for their delay in

16   seeking to amend their complaint to add the § 1983 claim of

17   excessive force by Mr. Tziu against Officer Salazar.  The fact that

18   Plaintiffs became aware of this omission during the recent

19   depositions of Mr. Tziu and his mother is not good cause, because

20   these facts have been within Plaintiffs' possession since the case

21   was filed.

22       Plaintiffs were justified in not identifying Sgt. Ching in

23   their original complaint.  However, Plaintiffs offer no explanation

24   for their failure to notify the Court promptly after Defendants

25   timely informed them that they were unable to identify the Doe

26   officer.  Plaintiffs do not explain why they did not move for an

27   extension of the deadline to add additional parties and claims.

28                                   6

United States District Court

For the Northern District of California

1   Nor do Plaintiffs, having learned of Sgt. Ching's identity more

2   than seven months later, show any good cause for delaying more than

3   three weeks before filing their motion for leave to amend.  Cf.

4   August 24, 2004, Minute Order (requiring that Plaintiffs file an

5   amended complaint within one week after learning Doe officer's

6   identity).

7        On the other hand, Defendants have not litigated this case

8   diligently themselves.  Defendants' motion for summary judgment on

9   the Monell claim was noticed for hearing well after the July 1,

10  2005 deadline.  Because of that, and Plaintiffs' desire to file a

11  belated amended complaint, the Court decided to vacate the then-

12  existing pretrial conference and trial date and now grants

13  Plaintiffs leave to file an amended complaint to add the proposed

14  allegations and claims against Sgt. Ching.  The Court notes that

15  Defendants did not notice a motion for summary judgment on the

16  merits for hearing by the revised August 12, 2005 deadline.

17                            CONCLUSION

18       For the foregoing reasons, Plaintiffs' motion for leave to

19  amend is GRANTED in part and DENIED in part (Docket No. 23).

20  Defendants' motion for summary adjudication of the Monell claim

21  against the City and County of San Francisco is GRANTED (Docket No.

22  31).

23       Plaintiffs may file a revised FAC, adding only the proposed

24  allegations and claims against Sgt. Ching.  Plaintiffs' FAC may not

25  include the proposed additional allegations and claims against

26  Officer Salazar or the proposed IIED claim by Mr. Tziu against

27  Officer Salazar.  The FAC also may not include a Monell claim

28                                 7

against the City and County of San Francisco.

    IT IS SO ORDERED.


Dated: 9/8/05

_____
CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California